**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| D & E Media, LLC, | § | |
| A NEW JERSEY COMPANY, | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | |
| DOES 1-258 | § | C.A. NO.: _____ |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, D & E Media, LLC, by its attorney, files this Original Complaint and for cause, respectfully shows the court as follows:

**JURISDICTION AND VENUE**

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

3.      This court has personal jurisdiction over Defendants because Defendants are residents of this State, including this District, and/or because Defendants' acts of copyright infringement occurred in this State, including this District and Defendants should anticipate being haled into court in this State.

**NATURE OF THE CASE**

4.      Defendants collectively participated, via the internet, in the unlawful reproduction and

distribution of Plaintiff's copyrighted motion picture, *The Sexxxtons,*" by means of file transfer technology called, BitTorrent. Defendants initiated their infringing conduct by first visiting one of many BitTorrent websites known for its large index of copyrighted movies, television shows, software and adult videos. Sites witnessed in this matter include isohunt.com, torrentz.com and kickasstorrents.com. Defendants each then obtained a reference file for Plaintiff's motion picture from the video index of such a site and loaded that reference file into a computer program designed to read such files. These files can be identified by what is known as the file's "hash." This hash serves as unique identifier of the file and is generated by a mathematical algorithm developed by the National Security Agency. The hash of this file is 35686077ad3e9fd6c0208eee2f3d68413fcb433f.

5.      With the reference file loaded, each Defendant then used his or her BitTorrent program to initiate connections to dozens of other users possessing and "sharing" copies of the digital media described in the reference file, namely, Plaintiff's motion picture. These connections were directed at other users throughout the United States and throughout the world. A group of users that is connected to each other to obtain content in this manner is called a "BitTorrent swarm." Once connected, the Defendants began coordinating the unlawful copying of Plaintiff's film from each other and from other users participating in the swarm. As the film was copied to the Defendants' computers piece by piece, the copied pieces were then distributed to other users in the swarm seeking pieces of the film they had not yet obtained. It is in this way that the Defendants worked in concert with one another to simultaneously reproduce and/or distribute the motion picture to and from each other and to dozens of other users beyond the scope of this Complaint.

## PARTIES

6.      Plaintiff is a motion picture production company that markets and distributes adult entertainment videos in various media. Plaintiff brings this action to stop Defendants from copying

and distributing unauthorized copies of the motion picture, "*The Sexxxtons*," over the internet. Plaintiff is both distributor and copyright owner of the motion picture in question and has duly applied for registration of the work with the U.S. Copyright Office.  Defendants' infringements allow them and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's work for which Plaintiff spent a substantial amount of time, money and effort to produce, market and distribute. Each time a Defendant unlawfully distributes a copy of Plaintiff's copyrighted motion picture to others over the internet, particularly via BitTorrent, each recipient can then distribute that unlawful copy to others without degradation in sound or picture quality.  Thus, a Defendant's distribution of even one unlawful digital copy of a motion picture via the internet, particularly through the BitTorrent protocol, can result in worldwide distribution of that single copy to a limitless number of people in a matter of hours.  Plaintiff now seeks redress for this rampant infringement of its exclusive rights in the motion picture, "*The Sexxxtons*"

7.      The true names of Defendants are unknown to Plaintiff at this time.  Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed.  The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same.  Plaintiff further believes that the information obtained in discovery may lead to the identification of additional infringing parties to be added to this Complaint as defendants, since monitoring of online infringement of Plaintiff's motion picture is ongoing.

## CLAIMS OF COPYRIGHT INFRINGEMENT

8.      Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 7 as if fully set forth herein.

9.      The Plaintiff alleges that each Defendant, without the permission or consent of the Plaintiff, has used, and likely continues to use, BitTorrent software to reproduce and/or distribute Plaintiff's motion picture to dozens of other BitTorrent users.  Exhibit A identifies the John Doe Defendants known to Plaintiff as of the date of this Complaint who have collectively participated in a BitTorrent swarm to reproduce and distribute the copyrighted work in question.  In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution.

10.     The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

11.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorney's fees and costs pursuant to 17 US.C. § 505.

12.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture "*The Sexxxtons*," made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

a.      For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted motion picture, "*The Sexxxtons*" and any motion picture, whether now in

existence or later created, that is owned, licensed to, or controlled by Plaintiff ("Plaintiff's Motion Pictures"), including without limitation by using the internet to reproduce or copy Plaintiff's Motion Pictures, to distribute Plaintiff's Motion Pictures, or to make Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

b.      For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

c.      For Plaintiff's costs.

d.      For Plaintiff's reasonable attorney's fees.

e.      For such other and further relief as the Court deems proper.

Respectfully Submitted,

s/ E. F. Stone

Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: lawoffice@wolfe-stone.com